UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER THOMAS MORTON, ) ) ) | |
| Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | CASE NO. 2:16-CV-8114-SLB CRIM. CASE NO. 2:05-CR-0501-SLB-TMP |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Alexander Thomas Morton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate]. (Doc. 1; crim. doc. 78.)[1] Citing Johnson v. United States, 135 S. Ct. 2551 (2015), Morton contends that he was improperly sentenced under 18 U.S.C. § 924(c). Because binding Eleventh Circuit precedent bars Morton's claims on the merits, the court assumes that his Motion to Vacate is timely filed and is not procedurally barred. For the reasons set forth below, the court finds that Morton's

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:05-CR-0501-SLB-TMP, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

Motion to Vacate is due to be denied and his petition dismissed without notice to the Government. See 28 U.S.C. 2255(b).[2]

On November 20, 2005, an Indictment was filed against Morton and his co-defendants, Christopher Terrance Powell and Torrance Lorenzo Julius. (Crim. doc. 1.) The Indictment charged Morton, with: Count One, conspiracy to commit bank robbery; Count Two, carjacking; Count Three, brandishing a firearm during a crime of violence (carjacking charged in Count Two); Count Four, armed bank robbery; and Count Five, brandishing a firearm during a crime of violence (armed bank robbery in Count Four). (Id.) Pursuant to a Plea Agreement with the Government, Morton pled guilty to Counts Two through Five and the court dismissed Count One. (Crim. doc. 27; crim. doc. 67.) He was sentenced to 84 months on Count Three and a consecutive sentence of 156 months on Count Five.[3] (Crim. Doc. 67 at 2.)

On June 27, 2016, Morton, who is proceeding pro se, filed the instant Motion to Vacate. (Crim. doc. 78; doc. 1.) In his Motion to Vacate, Morton challenges his conviction under § 924(c) based on Johnson v. United States, 135 S. Ct. 2551 (2015); he states:

---

[2]"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

[3]For reasons not at issue here, Morton was sentenced to a custodial sentence of zero months on Counts Two and Four. (Crim. doc. 67 at 2.)

The language of 18 U.S.C. § 16(b)[4] is unconstitutionally vague regarding what a "crime of violence" is.

. . .

In the Supreme Court case of <u>Johnson vs United States</u>, similar language to that found in 18 U.S.C. § 16(b), which is the "crime of violence" statute, was determined in 18 U.S.C. § 924(e) to be unconstitutionally vague. The enhanced sentence received because of this can be considered to be a constitutional violation.

The <u>Johnson</u> decision was determined to be new constitutional law made retroactive and applicable by the Supreme Court decision in <u>Welch</u>.

I am filing this Motion under the <u>Johnson/Welch</u> provisions.

. . .

. . . 18 U.S.C. § 924(c) is unconstitutionally vague given the language is similar to that found unconstitutionally vague in 18 U.S.C. § 924(e).

. . .

In the Supreme Court case of <u>Johnson vs United States</u> and now made retroactive by the <u>Welch</u> decision as new substantive law, the language in 924(e) was found to be unconstitutionally vague. The Movant was convicted

---

[4] Section 16 states:

The term "crime of violence" means –

    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. This definition is substantially the same as the definition in § 924(c)(3).

> under 18 U.S.C. § 924(c) and sentenced under that statute to an enhanced.
> sentence. The language of 18 U.S.C. § 924(c) is similar to that of 18 U.S.C.
> § 924(e) which was found to be unconstitutionally vague. This enhanced
> sentence therefore is a constitutional violation.

(Doc. 1 at 4-5 [footnote added].)[5] Morton contends his Motion to Vacate is timely based on the Johnson decision.[6] (Id. at 12.)

In *Johnson*, the Supreme Court held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Johnson*, 135 S. Ct. at 2563. The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* The decision did not address the definition of a crime of violence found in § 924(c)(3).

Morton was convicted of two counts of brandishing a firearm during a crime of violence in violation of 28 U.S.C. 924(c)(1)(A)(ii), which states:

> Except to the extent that a greater minimum sentence is otherwise provided by
> this subsection or by any other provision of law, any person who, during and
> in relation to any crime of violence . . .(including a crime of violence . . . that
> provides for an enhanced punishment if committed by the use of a deadly or
> dangerous weapon or device) for which the person may be prosecuted in a
> court of the United States, uses or carries a firearm, or who, in furtherance of

---

[5]Morton also asserts that his sentences for brandishing a firearm during a carjacking and during an armed bank robbery should run concurrently because "the four counts . . . all came from one elongated action." (Doc. 1 at 4.) However, the plain language of § 924(c) requuires that the sentences run consecutively. 18 U.S.C. § 924(c)(1)(D)(ii).

[6]Johnson was decided on June 26, 2015. June 26, 2016, was on a Sunday; therefore, claims based on Johnson had to be filed on or before June 27, 2016.

4

> any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
> > (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A)(ii).  "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed."  Id. (c)(1)(D)(ii).  The Act defines "crime of violence" as –

> . . . an offense that is a felony and –
>
> > (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) is referred to as the force clause and subsection (B) is referred to as the residual clause.

In cases binding on this court, the Eleventh Circuit held that, "[e]ven assuming that Johnson invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense."  In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016).  Indeed, the Eleventh Circuit has specifically held that carjacking, 18 U.S.C. § 2119, and armed bank

5

robbery, 18 U.S.C. § 2113(a) and (d), are crimes of violence under the force clause, 18 U.S.C. § 924(c)(3)(A). Smith, 829 F.3d at 1280-81 ("In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion.")(footnotes omitted); In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016)("Johnson rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3). Further, our Court has not held that Johnson invalidates § 924(c)(3)(B). However, even [if we] were . . . to extrapolate from the Johnson holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'")(footnotes omitted).

  The court finds Morton's claims are indistinguishable from the claims in Smith and Hines. Therefore, the court finds that Morton is not entitled to relief from his sentence based on Johnson. In light of his plea of guilty to brandishing a firearm during a carjacking and during an armed bank robbery, as well as binding Eleventh Circuit caselaw holding that carjacking and armed bank robbery are crimes of violence under the force clause, 28 U.S.C. § 924(c)(3)(A), Morton cannot show that his sentence violates the Constitution or laws of

the United States.  *See* 28 U.S.C. § 2255(a).  His Motion to Vacate based on Johnson is due to be denied.

Moreover, the court finds the Motion to Vacate and the files and records of his case conclusively show that Morton is not entitled to relief; therefore, his habeas petition will be dismissed without notice to the United States.  See 28 U.S.C. § 2255(b).

## CONCLUSION

Based on the foregoing, the Motion to Vacate, filed by petitioner Alexander Thomas Morton, (doc. 1; crim. doc. 78), is due to be denied.  An Order denying the Motion to Vacate and dismissing Morton's habeas petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).  And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added).  To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Morton's habeas petition is barred by binding Eleventh Circuit precedent; reasonable jurists could not disagree. He has not demonstrated that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 24th day of January, 2017.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE